UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NINA ALEXANDER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5405** |
| **CITY OF GRETNA ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the "Motion for Summary Judgment on Behalf of Defendant, Sheriff Newell Normand" is **GRANTED**.  (Document #103.)

### I. BACKGROUND

The plaintiffs filed a class action complaint, pursuant to 42 U.S.C. § 1983, against the City of Gretna Police Department through the City of Gretna; Arthur Lawson, Chief of Gretna Police Department; unknown officers of the Gretna Police Department; Jefferson Parish Sheriff's Office; Jefferson Parish Sheriff Newell Normand;[1] and unknown officers of the Jefferson Parish Sheriff's Office.

The court held a class certification hearing and granted the motion to certify Subclass A, represented by Nina Alexander.  The amended class definition states as follows;

> All persons who were employed by the New Orleans Regional Transit Authority (TRA), their family members, friends, and others who sustained injury and/or

---

[1] Sheriff Normand was named as a party upon the death of Sheriff Harry Lee.

losses and/or compensable or cognizable damages by being assaulted, unlawfully detained through the use of excessive force, and intentionally restrained from freedom of movement, on August 30, 2005, in the immediate vicinity of the Wilty terminal beneath the Westbank Expressway and Van Trump Street by the City of Gretna law enforcement officers while attempting to evacuate from New Orleans in the aftermath of Hurricane Katrina.

Sheriff Normand filed a motion for summary judgment, asserting that there are no claims of unlawful action taken by him or employees and deputies of the Jefferson Parish Sheriff's Office against the Subclass A plaintiffs.[2]

## II. DISCUSSION

**A.  Legal standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v.

---

[2]   In addition to the Subclass A plaintiffs, there are named plaintiffs with individual claims outside of Subclass A: Joycelyn Askew, Quinton Askew, Signora Durette, and Patryce Jenkins.  Sheriff Norman acknowledges that the claims of the individual plaintiffs are not the subject of this motion for partial summary judgment and that the claims will be addressed in a motion for partial summary judgment in the future. The plaintiffs concede that the individual claims may be "susceptible" to a partial summary judgment motion.

Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B. Class claims against Sheriff Normand and the Jefferson Parish Sheriff's Office**

Sheriff Normand argues that the Subclass A claims against the Sheriff and the Jefferson Parish Sheriff's Office should be dismissed. He argues that the class-action plaintiffs' claims allege unlawful action by officers of the Gretna Police Department, and that there are no claims against Sheriff Normand or the Jefferson Parish Sheriff's Office.

The Subclass A plaintiffs contend that there are disputed issues of fact regarding the conduct of the Jefferson Parish Sheriff's Office and rely on the deposition testimony of Wanda Diggins and Malcolm Butler to support their contention that Jefferson Parish Sheriff's officers were involved. However, the Subclass A plaintiffs do not address Sheriff's Normand's argument that the class definition is limited to those plaintiffs who were restrained "by the City of Gretna law enforcement officers."

Accordingly, there are no disputed issues of material fact that the definition of Subclass A does not include claims against Sherif Normand and the Jefferson Parish Sheriff's Office, and these defendants are entitled to judgment as a matter of law.

New Orleans, Louisiana, this   22nd day of February, 2010.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE